# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

JABIL, INC.,

     Plaintiff,

v.

    Case No.: 4:21-mc-00005-MW-MAF

ESSENTIUM, INC.

     Defendant.

## JOINT MOTION TO TRANSFER SUBPOENA-RELATED MOTION TO THE MIDDLE DISTRICT OF FLORIDA

Plaintiff Jabil, Inc. (the party moving to quash a subpoena issued to a nonparty) and Defendant Essentium, Inc. jointly move for an order transferring Jabil's motion to quash to the Middle District of Florida.

The Court should transfer the motion to quash because:

➢     the underlying litigation has been pending in the Middle District of Florida for nearly two years,

➢     the underlying litigation is complex,

➢     the Middle District of Florida has ruled on substantive motions and discovery disputes in the underlying case in which the subpoena has been issued; and

1

> ➢    In addressing Jabil's motion to quash the third party subpoena at issue in this case and others at issue in other courts, Essentium intends to seek clarification from the Middle District of Florida that the third party subpoena at issue complies with the Florida Court's rulings and order regarding matters referenced in the subpoena.

In fact, the Middle District of Florida already entered an order granting in part and denying in part a motion for protective order limiting the scope of discovery. The contours of that order are at the heart of the discovery dispute currently before this Court—and several other Districts across the country. The need for uniformity in discovery and allowing the Middle District of Florida to effectively manage the underlying litigation (both procedurally and substantively) outweighs any burden that might be imposed on the subpoena recipient. Counsel for the subpoena recipient can either appear *pro hac vice* through the local rules or appear pursuant to Rule 45(f), and the proceedings on the motion are likely to be by Zoom, thereby eliminating any burden to the subpoenaed entity.

## Memorandum of Law

### 1.    When transferring a subpoena-related motion is warranted.

A court that did not issue a subpoena may transfer a motion under Rule 45 "to the issuing court if the person subject to the subpoena consents or if the

125802811.1

court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The Advisory Committee Notes explain "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as **when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts**." 2013 Advisory Committee Notes (emphasis added).

Courts that transfer subpoena-related motions often do so based on the issuing court's "great[er] familiarity with the nature of the case" and when a protective order is already in place in the underlying litigation. *See, e.g.*, *Ackerman McQueen, Inc. v. Nat'l Rifle Assoc. of Am.*, No. A-20-MC-149-LY, 2020 WL 919158, at *2 (W.D. Tex. Feb. 26, 2020). Indeed, where a protective order is in place, "any ruling by [the court for compliance] has the potential to disrupt the [issuing court's] management of the underlying case, both procedurally and substantively." *Id.* "A transfer . . . 'avoid[s] disrupting the issuing court's management of the underlying litigation,' and enable[s] resolution of fundamental issues underlying this matter." *Id.* Such "uniformity of discovery rulings . . . is critical to achieving fairness to the parties and non-parties." *Id.* (first alteration omitted and citation).

The Southern District of Florida considers similar factors when determining whether to transfer a subpoena-related motion. *See Drummond Co.,*

*Inc. v. Collingsworth*, No. 14-mc-80660-Cohn/Seltzer, 2014 WL 12862208, at *3 (S.D. Fla. July 11, 2014) (transferring subpoena-related motion where, *inter alia*, underlying litigation had been pending for nearly three years and issuing court had ruled on discovery issues that bore on subpoena-related motion).

In a recent decision, the Southern District of Ohio found it appropriate to transfer a subpoena-related motion. *See Arclin USA, LLC v. Vits Tech. GmbH*, No. 2:20-mc-48, 2020 WL 6882600, at *2 (S.D. Ohio Nov. 24, 2020). The court reasoned transfer was warranted because the issuing court was "in a much better position to assess the scope of appropriate discovery" as that court had "presided over the [underlying] litigation for eight months . . . and ha[d] adjudicated previous discovery disputes," among other reasons. *Id.* The court also reasoned the burden to the nonparty would be "slight" since Rule 45 allowed counsel for the nonparty to appear as an officer of the issuing court and travel would be unlikely with the now-standard use of video conferences to conduct hearings. *Id.*; *see also Ohio Dep't of Ins. v. RPM Mortg., Inc.*, No. 2:20-mc-43, 2020 WL 6778212, at *2 (S.D. Ohio Nov. 18, 2020) (transferring subpoena-related motion where, *inter alia*, issuing court had presided over discovery for more than two years and had previously ruled on relevancy issues).

*In re Cobb* is another example of where a court deemed it appropriate to transfer a subpoena-related motion. No. A-20-MC-595-RP, 2020 WL 4043752,

at *1–2 (W.D. Tex. July 16, 2020). In that case, the plaintiff sought to transfer a motion to quash filed by a nonparty from the Western District of Texas to the Middle District of Florida. *Id.* at *1. The court reasoned transfer was proper because the underlying lawsuit had been pending for more than a year and half in the Middle District of Florida, and the Middle District of Florida had made numerous rulings on substantive and discovery motions. *Id.* at *2. Thus, transferring the case avoided disrupting the Middle District of Florida's management of the underlying case. *Id.*

The court also determined transferring the case would not "unduly prejudice[]" the nonparty because, *inter alia*, there was no indication his attorneys could not appear *pro hac vice* in the Middle District of Florida. *Id.* The court also noted that "most federal courts are conducting hearings via telephone and video conference rather than in person, and electronic filing of documents has been the norm . . . for more than a decade." *Id.*

Another factor that warrants transfer is when the same discovery issue arises in multiple districts. *See, e.g.*, *In re Bank of Cal. Sec. Litig.*, No. 3:18-MC-91-B-BK, 2019 WL 2904295, at *1–2 (N.D. Tex. Feb. 6, 2019) (noting in its analysis of why transfer was proper that another court in a different district had already transferred a subpoena-related motion stemming from the same underlying case to the issuing court).

5

2. <u>**Transferring the motion to quash is warranted.**</u>

    a. <u>**Xerox (the subpoenaed nonparty) consents.**</u>

The subpoenaed party, Xerox Corporation, consents to the transfer. Transfer is proper on that basis alone. Fed. R. Civ. P. 45(f).

    b. <u>**Exceptional circumstances warrant the transfer.**</u>

Just as in the cases cited above, exceptional circumstances warrant the transfer of Jabil's motion to quash to the Middle District of Florida. The underlying case has been pending for years in the Middle District of Florida, the case is complex, the Middle District of Florida has already entered a protective order, and no prejudice will result to anyone if the motion to quash is transferred.

Jabil initiated the underlying litigation in June of 2019. *Jabil Inc. v. Essentium, Inc., et al.*, No. 8:19-cv-1567-T-23SPF (M.D. Fla.) (Doc. 1). As such, the case has been pending in the Middle District of Florida for nearly two years.

What's more, the case is complex. The current pleading, the Second Amended Complaint, alleges claims of trade secret misappropriation against 10 defendants under two different statutes, plus breach of contract, fraud, breach of fiduciary duty and duty of loyalty, aiding and abetting, tortious interference, Computer Fraud and Abuse Act, conversion, and civil conspiracy claims against a combination of defendants. *Jabil*, No. 8:19-cv-1567-T-23SPF (Doc. 90). The case is substantively complex, too.

6

125802811.1

Relevant to the subpoenas at issue are Jabil's claims that Defendants misappropriated technology used in Jabil's 3D printer, the TenX. A contentious issue in the Middle District of Florida is how far Defendants may inquire into Jabil's new printer, Roadrunner, based on discovery to date that shows carry over from TenX into Roadrunner. That issue was previously litigated and resulted in a protective order. *Jabil*, No. 8:19-cv-1567-T-KKM-SPF (Doc. 168).[1]

The interests of judicial economy and fairness to both parties and nonparties alike favor transferring the motion to quash. It is more efficient to have one court—the court that issued the protective order at the heart of the parties' dispute—rule on the issue of whether the subpoenas are appropriate, rather than have different judges spread across the country address the same issue. Transferring the motion avoids the risk of inconsistent rulings and allows the Middle District of Florida to manage its docket. Tellingly, the Southern District of Ohio, where one of the other, related motions to quash a subpoena directed to another third party was pending, stated during a hearing that the subpoena-related motion would be transfer once a forthcoming joint motion to transfer was filed.

---

[1] The case was reassigned from District Judge Merryday to District Judge Mizelle on January 8, 2021; however, the assigned Magistrate Judge, Judge Flynn, remained the same. *Jabil*, No. No. 8:19-cv-1567-T-KKM-SPF (Doc. 147).

125802811.1

It remains only to note that no burden will befall the subpoenaed nonparty because counsel for that nonparty corporate entity could appear *pro hac vice*, M.D. Fla. L.R. 2.01, or "if the attorney . . . is authorized to practice" in this Court, "the attorney may file papers and appear on the motion as an officer of the issuing court," i.e., appear before the Middle District of Florida, Fed. R. Civ. P. 45(f). As noted in *Arclin USA* and *In re Cobb*, most federal courts are conducting hearings via video conference rather than in person, eliminating any travel-related burdens.

**WHEREFORE**, the parties jointly request that the Court enter an order transferring Jabil's motion to quash to the Middle District of Florida pursuant to Federal Rule of Civil Procedure 45(f).

Respectfully submitted,

| | |
|---|---|
| */s/ Dennis P. Waggoner* | */s/ Steven C. Dupré* |
| Dennis P. Waggoner (FBN: 509426) | Steven C. Dupré |
| Dennis.Waggoner@hwhlaw.com | Florida Bar No. 471860 |
| Julie.Mcdaniel@hwhlaw.com | Kevin P. McCoy |
| Matthew F. Hall (FBN: 92430) | Florida Bar No. 36225 |
| Matthew.Hall@hwhlaw.com | D. Matthew Allen |
| Anna.Mukhova@hwhlaw.com | Florida Bar Number 866436 |
| Tori C. Simmons (FBN: 107081) | Darnesha K. Carter |
| Tori.Simmons@hwhlaw.com | Florida Bar No. 125658 |
| Tricia.Elam@hwhlaw.com | CARLTON FIELDS, P.A. |
| HILL WARD HENDERSON, P.A. | Post Office Box 3239 |
| 101 East Kennedy Blvd., Suite 3700 | Tampa, Florida  33601-3239 |
| Tampa, FL 33602 | Phone:  (813) 223-7000 |
| Telephone: (813) 227-8452 | Fax:   (813) 229-4133 |
| Facsimile: (813) 221-2900 | sdupre@carltonfields.com |

8

125802811.1

| | |
|---|---|
| R. Joseph Burby, IV<br>Pro Hac Vice Forthcoming<br>Kristine McAlister Brown<br>Florida Bar No.: 433640<br>David B. Carpenter<br>Pro Hac Vice Forthcoming<br>Amanda M. Waide<br>Pro Hac Vice Forthcoming<br>ALSTON & BIRD, LLP<br>1201 W. Peachtree Street<br>Atlanta, Georgia 30309<br>Telephone: (404) 881-7000<br>Facsimile: (404) 253-8497<br>joey.burby@alston.com<br>kristy.brown@alston.com<br>david.carpenter@alston.com<br>amanda.waide@alston.com<br><br>*Attorneys for Plaintiff Jabil Inc.* | kmccoy@carltonfields.com<br>mallen@carltonfields.com<br>dcarter@carltonfields.com<br><br>*Counsel for Defendant Essentium, Inc.* |

## **LOCAL RULE 7.1(F) CERTIFICATE**

Undersigned certifies that the foregoing motion and memorandum of law does not exceed 8,000 words.

/s/ *Steven C. Dupré*
Steven C. Dupré